■ In the Matter of the Estate of JEANETTE L. FUCHS, Deceased. SPENCER FUCHS, Respondent; BRIAN FUCHS, Appellant. [622 NYS2d 541] —In a proceeding to construe a will, the co-trustee, Brian Fuchs, appeals from a decree of the Surrogate's Court, Nassau County (Radigan, S.), dated January 8, 1993, which granted the petition of Spencer Fuchs and denied his cross petition.

Ordered that the decree is affirmed, without costs or disbursements.

Where two clauses in a will are inconsistent and irreconcilable so that they cannot possibly stand together, the latter of

the two clauses will be considered to indicate a subsequent intention, and shall prevail unless the general scope of the will leads to a contrary construction *(see, Van Nostrand v Moore,* 52 NY 12, 20; 7 Warren's Heaton, Surrogate's Court, § 19, ¶ 4 [d] [6th ed]). In this case, adopting the meaning of the provision which is subsequent in position would be contrary to the general scope of the will. Accordingly, the Surrogate's Court properly determined that the petitioner, Spencer Fuchs, the income beneficiary, holds a lifetime interest in the trust created for his benefit and that the contingent interests held by the trust remainderpersons, who are the successor co-trustees, the appellant Brian Fuchs and Tracy Fuchs, do not vest until the death of Spencer Fuchs.

The appellant's remaining contentions are either without merit or do not require reversal. Miller, J. P., O'Brien, Santucci and Florio, JJ., concur.